**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SMS FINANCIAL, NCU, LLC | ) | **CASE NO.** |
| 3707 East Shea Blvd., Suite 100 | ) | |
| Phoenix, AZ 85028 | ) | **JUDGE** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ZDENKO ZOVKIC | ) | |
| 31050 Gates Mills Blvd. | ) | |
| Pepper Pike, Ohio 44124 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LISA ZOVKIC | ) | |
| 31050 Gates Mills Blvd. | ) | |
| Pepper Pike, Ohio 44124 | ) | |
| | ) | |
| Defendants. | | |

---

**COMPLAINT TO AVOID AND RECOVER TRANSFERRED**
**PROPERTY OR THE VALUE OF TRANSFERRED PROPERTY**

---

Now comes SMS Financial, NCU, LLC ("**SMS**"), by and through its undersigned counsel, and for its complaint against Zdenko ("**Zdenko**" or "**Debtor**") and Lisa ("**Lisa**") Zovkic, hereby states as follows:

## BACKGROUND FOR THIS PROCEEDING

1.    In 2013, National Credit Union Administration Board, acting in its capacity as Liquidating Agent of St. Paul Croatian Federal Credit Union ("**NCUA**") brought suit against Debtor Zdenko Zovkic and others, in the case captioned *National Credit Union Administration Board v. Zdenko Zovkic, et al.,* in the United States District Court for the Northern District of Ohio, Case No. 1:13-CV-001146 ("**NCUA v. Zovkic**").

2.      On May 23, 2014, NCUA v. Zovkic was resolved by NCUA and Zdenko entering into that certain Settlement Agreement and Mutual Release (the "**Settlement Agreement**"), a copy of which is attached as **Exhibit A**.

3.      On June 12, 2014, Zdenko and Lisa were married.

4.      On March 25, 2015, Zdenko and Lisa purchase that certain real property located at 4240 Giles Road, Moreland Hills, Ohio 44022 (the "**Property**").

5.      On March 22, 2021, NCUA assigned the Settlement Agreement to SMS. A true and accurate copy of the **Assignment of Settlement Agreement** is attached hereto as **Exhibit B**.

6.      On July 27, 2021, SMS and Zdenko entered into a **Forbearance Agreement** which stipulated that the amount due and owing by Zdenko to SMS as of July 27, 2021 totaled $1,164,673.14, comprised of a principal balance of $1,154,316.36, plus accrued interest in the amount ($10,356.78), plus interest accruing at the rate of 1% per annum. A copy of the Forbearance Agreement is attached as **Exhibit C**.

7.      In the Forbearance Agreement, Zdenko further acknowledged that SMS (i) has acquired the loan documents that are the subject of the Settlement Agreement from the Liquidating Agent (the "**Loan Documents**"), (ii) holds valid title to all rights and interests relating to the Loan Documents and the Settlement Agreement which remain in full force and effect, and (iii) that Zdenko defaulted on its obligations under the Settlement Agreement and the Loan Documents by failing to make payment when due under the Settlement Agreement and the Loan Documents (the "**Existing Defaults**"). *Id*.

8.      The Existing Defaults have not been cured and are continuing.

9.      Under the Forbearance Agreement, Zdenko agreed to make certain payments to SMS.

Case: 1:25-cv-00812-DCN  Doc #: 1  Filed: 04/22/25  3 of 7.  PageID #: 3

10.     Zdenko agreed that the failure to make any payment within ten (10) calendar days of the established due date, as provided in the Forbearance Agreement, would constitute a new Event of Default thereunder.

11.     Upon the occurrence of any new Event of Default, SMS became entitled to obtain entry of a stipulated judgment, as provided in the Forbearance Agreement.

12.     Zdenko failed to make payments as required by the Forbearance Agreement.

13.     By emails dated March 16, 2022, July 28, 2022, November 1, 2022, March 1, 2023, May 10, 2023, July 17, 2023, August 1, 2023, September 19, 2023 (5:29 pm), December 11, 2023, and March 12, 2024, SMS provided notice to Zdenko of his defaults under the Forbearance Agreement.

14.     On April 3, 2024, after Zdenko had been placed on notice of the defaults, Zdenko and Lisa filed a complaint to dissolve their marriage.

15.     On April 3, 2024, after Zdenko had been placed on notice of the defaults, Zdenko executed and delivered a Quit Claim Deed for the Property to Lisa for no consideration.

16.     On June 24, 2024, SMS was substituted for NCUA as plaintiff in NCUA v. Zovkic.

17.     On July 17, 2024, a **Stipulated Judgment** was entered by the court in the NCUA v. Zovkic matter entered the Stipulated Judgment in favor of SMS pursuant to Zdenko's defaults under the Forbearance Agreement, a copy of which is attached as **Exhibit D**.

18.     The amount owed by Zdenko as of July 1, 2024 is $1,308,218.87, inclusive of interest, plus costs and attorneys' fees as permitted under the Forbearance Agreement.

19.     On September 27, 2024, Lisa sold the Property to Rada Popova and Mathew Molk for the sum of $650,000.00, as shown by the HUD-1 for the Property's sale.

{02178244-1}

3

20.    Lisa received the net proceeds from the sale of the Property totaling One Hundred and Seventy-Seven Thousand, Four-Hundred and Thirty-Eight Dollars and Twenty-Five Cents ($177,438.25).

21.    Upon information and belief, Zdenko and Lisa are living together at the same residence located at 31050 Gates Mills Blvd., Pepper Pike, Ohio.

## JURISDICITON AND VENUE

22.    SMS is an Arizona limited liability company whose members are citizens of and/or domiciled in states other than the state of Ohio.

23.    Zdenko Zovkic ("**Zdenko**") and Lisa Zovkic ("**Lisa**") are citizens of the State of Ohio.

24.    This Court has jurisdiction over the subject matter of this action pursuant to 28 USC 1332 as the amount in controversy is over $75,000.00.

25.    Venue for this matter is proper in this Court pursuant to 28 USC 1391(b)(1) as this district is the district in which both defendants reside.

26.    This action is brought pursuant to the Ohio Uniform Fraudulent Transfer Act to avoid Zdenko's transfer of the Property to Lisa, and to recover the value of the transfer for Plaintiff's benefit.

## GENERAL ALLEGATIONS

27.    At all times relevant hereto, the liabilities of Zdenko to SMS were greater than the assets, including the Property of Zdenko.

28.    Zdenko and Lisa knew that by transferring Zdenko's interest in the Property to Lisa, SMS would be hindered in its ability to recover under the Forbearance Agreement lose its ability to claim Zdenko's interest in the Property by way of foreclosure or sales proceeds.

29.     The Transfer was to an insider.

30.     Zdenko's transfer of the Property to Lisa was made without consideration.

31.     Zdenko was insolvent at the time of the Transfer because his liabilities exceeded his assets.

32.     At all times relevant hereto, Zdenko was insolvent because the sum of his debts to SMS were greater than all its assets, including the Property at fair valuation.

33.     At all times relevant hereto, Zdenko was insolvent because he was not generally paying his debts as they became due.

## COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFER – R.C. 1336.07

34.     SMS incorporates by reference all the allegations contained in the preceding paragraphs as if fully rewritten herein.

35.     SMS is entitled to avoid the Transfer pursuant to R.C. 1336.07(A)(1).

36.     SMS is entitled to damages in excess of $75,000.

## COUNT II
## JUDGMENT FOR THE VALUE OF
## AVOIDED TRANSFERS – R.C. 1336.08(B)(1)

37.     SMS incorporates by reference all the allegations contained in all the preceding paragraphs as if fully rewritten herein.

38.     SMS is the creditor of Zdenko, entitling SMS to his proceed interests from the sale of the Property wrongfully transferred to Lisa.

39.     Pursuant to R.C. 1336.08(B)(1)(a), SMS is entitled to a judgment against Zdenko, for the value of his interest in the Property.

**COUNT III**
**JUDGMENT FOR THE VALUE OF**
**AVOIDED TRANSFERS – R.C. 1336.05(B)**

40.     SMS incorporates by reference all of the allegations contained in the preceding paragraphs as if fully rewritten herein.

41.     SMS is entitled to entitled to judgment against Lisa directly as a subsequent transferee of the fraudulent transfer proceeds.

42.     Pursuant to R.C. 1336.05(B), SMS is entitled to damages in excess of One Hundred and Seventy-Seven Thousand, Four-Hundred and Thirty-Eight Dollars and Twenty-Five Cents ($177,438.25).

**COUNT IV**
**JUDGMENT IMPOSING A CONSTRUCTIVE TRUST**

43.     SMS incorporates by reference all the allegations contained in all the preceding paragraphs as if fully rewritten herein.

44.     Lisa was the recipient of monies wrongfully and fraudulently obtained from The Sale, thereby diminishing the amount available to pay SMS.

45.     In equity, a constructive trust should be impressed upon assets acquired by Lisa with the monies transferred from The Sale to Lisa. R.C. 1336.07(A)(3)(c) and § 1336.10.

46.     SMS is entitled to damages in excess of One Hundred and Seventy-Seven Thousand, Four-Hundred and Thirty-Eight Dollars and Twenty-Five Cents ($177,438.25).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against the Defendants as follows:

i.      Avoidance of the Transfer pursuant to R.C. 1336.07(A)(1);

ii.     Judgment, pursuant to R.C. 1336.08(B)(1)(a), against Zdenko, for the value of his interest in the Property;

iii.    Judgment, pursuant to Pursuant to R.C. 1336.05(B), against Lisa directly as a subsequent transferee of the fraudulent transfer proceeds in an amount to exceed One Hundred and Seventy-Seven Thousand, Four-Hundred and Thirty-Eight Dollars and Twenty-Five Cents ($177,438.25);

iv.    Imposing a constructive trust in favor of the Plaintiff over all monies and assets obtained with the monies that the Defendants received from the Sale;

v.    for punitive damages;

vi.    for post-judgment interest as allowed by Ohio law;

vii.    for the costs of this action including Plaintiff's reasonable attorneys' fees; and,

viii.    granting such other and further relief as the Court deems just and equitable.

Dated: April 22, 2025                                     Respectfully submitted,

*/s/ David M. Cuppage*
David M. Cuppage (0047104)
Rachel L. Steinlage (0079450)
Sami Z. Farhat (0095224)
MCCARTHY, LEBIT, CRYSTAL
& LIFFMAN CO., L.P.A.
1111 Superior Avenue East, Ste 2700
Cleveland, OH  44115
Telephone:     (216) 696-1422
Facsimile:     (216) 696-1210
Email: dmc@mccarthylebit.com
            rls@mccarthylebit.com

*Counsel for Plaintiff*