FORBEARANCE AGREEMENT

This Forbearance Agreement is entered into this 27th day of July 2021 (the "Effective Date") by and between SMS Financial NCU, LLC ("SMS"), an Arizona limited liability company, having its principal place of business at 3707 E. Shea Blvd., Suite 100, Phoenix, Arizona 85028, and Zdenko Zovkic, an individual residing at 4240 Giles Road, Chagrin Falls, Ohio 44022 ("Debtor").

WHEREAS, National Credit Union Administration Board, acting in its capacity as Liquidating Agent of St. Paul Croatian Federal Credit Union ("Liquidating Agent" and/or "Assignor"), brought suit against Debtor in the case captioned *National Credit Union Administration Board, acting in its capacity as Liquidating Agent of St. Paul Croatian Federal Credit Union v. Zdenko Zovkic, et al.*, United States District Court, Northern District of Ohio, Case No. 1:13-CV-001146; and,

WHEREAS, Liquidating Agent and Debtor entered into that certain Settlement Agreement and Mutual Release dated effective as of May 23, 2014; and,

WHEREAS, SMS Financial NCU, LLC, is the Assignee of the Liquidating Agent/Assignor of that certain Settlement Agreement and Mutual Release dated effective as of May 23, 2014;

WHEREAS, pursuant to the Settlement Agreement, the amount due and owing by Debtor to SMS as of July 27, 2021, is $1,164,673.14, which is comprised of principal of $1,154,316.36, plus interest accruing at the rate of 1% per annum in the amount of $10,356.78 (the "Total Balance"); and,

WHEREAS, Debtor acknowledges that SMS (i) has acquired the loan documents that are the subject of the Settlement Agreement from the Liquidating Agent (the "Loan Documents"), and (ii) holds valid title to all rights and interests relating to the Loan Documents and the Settlement Agreement which remain in full force and effect.

WHEREAS, Debtor defaulted on its obligations under the Settlement Agreement and the Loan Documents by failing to make payment when due under the Settlement Agreement and the Loan Documents (the "Existing Defaults"). The Existing Defaults have not been cured and are continuing.

WHEREAS, Debtor has requested that SMS forbear from exercising its rights and remedies under the Loan Documents and the Settlement Agreement with respect to the Existing Defaults, and SMS has agreed, subject to and in accordance with the terms and conditions set forth in this Agreement. To the extent that the parties agree herein to revise the terms and conditions of the Loan Documents and the Settlement Agreement, this Agreement shall be deemed an amendment thereto.

NOW THEREFORE, in consideration of the mutual promises and conditions herein contained and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties covenant and agree as follows:

{01611492-1}1


PLAINTIFF'S EXHIBIT C

1. <u>Existing Defaults</u>. Debtor acknowledges and agrees that SMS currently has the right to exercise rights and remedies under the Settlement Agreement and the Loan Documents, at law and/or in equity, as SMS, in its sole discretion, deems necessary. Debtor has no defenses to the Existing Defaults, and/or any other events of default that may exist under the Loan Documents or the Settlement Agreement or the Lender's exercise of any right or remedy under the Loan Documents or the Settlement Agreement.

2. <u>Forbearance</u>: So long as no New Event of Default (as defined below) occurs, SMS shall forbear from exercising any of its rights and remedies under the Loan Documents or the Settlement Agreement with respect to the Existing Defaults until 5:00 p.m., MST October 1, 2022 (the "Forbearance Period") at which time all remaining principal, interest and fees (if any) are due in full.

3. <u>Payment Obligations</u>: Commencing on November 1, 2021, Debtor shall make the first of twelve monthly payments in the amount of $1,708.33 per month. These payments shall be due on or before the first day of each consecutive month from November 1, 2021 through October 1, 2022. A final payment equal to all unpaid principal and accrued interest shall be due on November 1, 2022. All payments are applied first to outstanding interest, then costs and fees (if any), and then to principal.

4. <u>New Events of Default</u>:

The occurrence of any of the following shall constitute a "New Event of Default" under this Agreement:

(a) Borrower shall fail to make any payment due pursuant to Section 4 of this Agreement within ten (10) calendar days of the established due date.

(b) Borrower shall fail to perform any covenant or satisfy any condition under this Agreement or those previously established in the Loan Documents including, but not limited to, paying current the property taxes and insurance premium on any property that is collateral for the Note.

5. <u>Remedies Upon A New Event Of Default:</u> Upon the occurrence of any New Event of Default hereunder, Lender shall have the right, without notice, to do any or all of the following: (i) impose a default rate of interest increase in the amount of 5.0% above the interest rate forth in Section 3, (ii) terminate this Agreement and accelerate the Total Balance due under the Loan Documents and the Settlement Agreement, (iii) charge a late fee on any payments 10 days beyond their scheduled due date equal to 5.000% of the unpaid portion of the payment, (iv) exercise any and all other rights and remedies provided under the Loan Documents, the Settlement Agreement, or this Agreement, or otherwise provided by law or in equity, and (v) obtain entry of a stipulated judgment, a copy of which is attached hereto as Exhibit A. Lender may exercise any or all of the foregoing rights and remedies in any order.

6. <u>Debtor Acknowledgement:</u> As an inducement to enter into this Agreement, Debtor hereby acknowledges and agrees that all of the Recitals to this Agreement, and all of the representations and warranties of Debtor set forth in this Agreement, are true and accurate, and set

{01611492-1}2

forth an accurate description of the Loan Documents, the Settlement Agreement, and the Total Balance as of the Effective Date. Debtor acknowledges he has no defenses to the Loan Documents, the Settlement Agreement, or enforcement thereof. Debtor acknowledge that SMS may exercise rights and remedies directly against Debtor in such order as SMS determines in its sole and absolute discretion.

7. <u>No Waiver:</u> Notwithstanding the preceding grant of forbearance, Debtor understands, acknowledges and agrees that SMS has not waived the Existing Defaults, the Loan Documents and the Settlement Agreement will remain in default throughout the Forbearance Period, and the Forbearance Period will expire automatically and without notice immediately upon the occurrence of a New Event of Default, other than the Existing Defaults, or upon the expiration of the Forbearance Period.

8. <u>No Other Modifications Or Amendments:</u> Except as expressly set forth in this Agreement, all other terms, conditions and covenants under the Loan Documents remain unmodified and are in full force and effect. In the event of any conflict between this Agreement and the Loan Documents, the terms of this Agreement shall govern and take precedence over the terms of the Loan Documents. Any other modifications or amendments of the Note or Loan Documents must be in writing and signed by both parties.

9. <u>Release of Claims:</u> Debtor fully, finally, and forever release and discharge the Liquidating Agent, its predecessors, SMS, its successors and assigns, its predecessors in interest, and all of the members, managers, directors, officers, employees, agents, and representatives thereof (all of the foregoing, collectively, the "Lender Parties"), for, from and against any and all actions, causes of action, claims, debts, demands, liabilities, obligations, and suits of whatever nature known or unknown, (i) in respect of the Loan Documents, the Settlement Agreement or the actions or omissions of any of the Lender Parties in respect of the Loan Documents or the Settlement Agreement and (ii) arising from events occurring prior to the date of this Agreement. Debtor hereby waives any defenses related thereto. Debtor expressly acknowledges, represents, warrants and agrees that as of the date of this Agreement, he has no cause of action or claim of any nature whatsoever against the Lender Parties (i) in respect of the Loan Documents or the Settlement Agreement, or the actions or omissions of any of the Lender Parties in respect of the Loan Documents or the Settlement Agreement and (ii) arising from events occurring prior to the date of this Agreement.

10. <u>Time is of the Essence.</u> The Parties further acknowledge that **TIME IS OF THE ESSENCE** with respect to the time for performance of the terms and provisions of this Forbearance Agreement. None of the Parties shall be given any grace period within which to cure any default or breach under this Forbearance Agreement, unless expressly provided herein.

11. **<u>JURY TRIAL</u>. THE PARTIES TO THIS FORBEARANCE AGREEMENT HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY ANY PARTY AGAINST ANOTHER ON ANY MATTERS WHATSOEVER ARISING UNDER OR IN CONNECTION WITH THIS FORBEARANCE AGREEMENT OR THE LOAN DOCUMENTS OR ANY ANCILLARY**

**AGREEMENT AND SHALL TAKE ALL APPROPRIATE STEPS TO IMPLEMENT THAT WAIVER.**

12. <u>Notices</u>. Any notice, demand or communication required or permitted to be given by any provision of this Forbearance Agreement will be in writing and will be deemed to have been given when delivered personally or by facsimile, receipt confirmed, to the party designated to receive such notice, or on the date following the day sent by overnight courier, or 48 hours after the same is sent by certified mail, postage and charges prepaid, directed to the following addresses or to such other or additional addresses as any party might designate by written notice to the other party:

If to SMS:

SMS Financial NCU, LLC
Attention: Dan Grober
3707 E. Shea Blvd., Suite 100
Phoenix, Arizona 85014
Phone: Office #602-944-0624
Toll Free #800-644-0624 Ext #222

With a copy to:

David M. Cuppage
McCarthy, Lebit, Crystal & Liffman Co., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, OH 44114
Phone: 216.696.1422

If to Debtor:

Mr. Zdenko Zovkic
4240 Giles Rd
Chagrin Falls, OH 44022

With a copy to:

Synenberg & Associates, LLC
55 Public Square, Suite 1331
Cleveland, Ohio 44113
Telephone: (216) 622-2727
Mobile: (216) 570-5477
Fax: (216) 622-2707

13. <u>Electronic Signature</u>. This Forbearance Agreement together with any document contemplated to be executed in connection herewith may be executed by electronic signature, and

any such electronic document shall be deemed to be of the same force and effect as a manually signed original.

14. <u>Jurisdiction</u>. This Agreement shall be construed in accordance with and governed by the internal laws of the State of Ohio and any action to enforce the terms and conditions or declare the rights and obligations of the parties herein shall be brought exclusively in the United States District Court, Northern District of Ohio.

IN WITNESS WHEREOF, the parties have executed this Agreement effective on this 27th day of July, 2021.

WITNESSES:

_____

_____                    Zdenko Zovkic

_____

WITNESSES:                                         SMS Financial NCU, LLC
                                                   By:   SMS Financial, LLC, Its Manager

_____                    By: _____
                                                        Jonathan D. Hoffer, Its Manager
_____


any such electronic document shall be deemed to be of the same force and effect as a manually signed original.

14. <u>Jurisdiction</u>. This Agreement shall be construed in accordance with and governed by the internal laws of the State of Ohio and any action to enforce the terms and conditions or declare the rights and obligations of the parties herein shall be brought exclusively in the United States District Court, Northern District of Ohio.

IN WITNESS WHEREOF, the parties have executed this Agreement effective on this 27th day of July, 2021.

WITNESSES:

_____

_____                    Zdenko Zovkic

_____


WITNESSES:                                         SMS Financial NCU, LLC
                                                   By:   SMS Financial, LLC, Its Manager

_____                    By: _____
                                                        Jonathan D. Hoffer, Its Manager
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SMS FINANCIAL 30, LLC<br>6829 North 12th Street<br>Phoenix, Arizona 85014<br><br>Plaintiff,<br>vs.<br><br>ZDENKO ZOVKIC<br>4240 Giles Road<br>Chagrin Falls, Ohio 44022-1391<br><br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER: 1:13-CV-001146<br><br>**JUDGE DAN AARON POLSTER**<br><br><br><br>**STIPULATED JUDGMENT** |

Upon agreement and consent of the parties, Plaintiff SMS Financial 30, LLC is awarded judgment against Defendant Zdenko Zovkic, in the total amount of $1,164,673.14, which is comprised of principal of $1,154,316.36, plus interest accruing at the rate of 1% per annum in the amount of $10,356.78 (the "Total Balance"), as of July 27, 2021. Interest, late fees and other fees and costs shall accrue in accordance with the Forbearance Agreement entered into by Plaintiff and Defendant.

IT IS SO ORDERED.

_____
Judge Dan Aaron Polster

Agreed to by and between the Parties:

SMS Financial 30, LLC

/S/ David M. Cuppage
David M. Cuppage (0047104)
Adam L. Glassman (0098730)
McCarthy Lebit Crystal & Liffman Co, LPA
101 W. Prospect Ave., Suite 1800
Cleveland, OH 44115
(216) 696-1422 – Telephone

Zdenko Zovkic

_____
*Roger M. Synenberg*
Synenberg & Associates, LLC
55 Public Square, Suite 1331
Cleveland, Ohio 44113
rsynenberg@aol.com
Counsel for Defendant

(216) 696-1422 – Facsimile
dmc@mccarthylebit.com
ag@mccarthylebit.com

any such electronic document shall be deemed to be of the same force and effect as a manually signed original.

14. <u>Jurisdiction</u>. This Agreement shall be construed in accordance with and governed by the internal laws of the State of Ohio and any action to enforce the terms and conditions or declare the rights and obligations of the parties herein shall be brought exclusively in the United States District Court, Northern District of Ohio.

IN WITNESS WHEREOF, the parties have executed this Agreement effective on this 27th day of July, 2021.

WITNESSES:

_LISA ZOVKIC_

_____  _____
                               Zdenko Zovkic

WITNESSES:

                               SMS Financial NCU, LLC
                               By:   SMS Financial, LLC, Its Manager

_____  By: _____
                               Jonathan D. Hoffer, Its Manager

{01611492-1}5

any such electronic document shall be deemed to be of the same force and effect as a manually signed original.

14. <u>Jurisdiction</u>. This Agreement shall be construed in accordance with and governed by the internal laws of the State of Ohio and any action to enforce the terms and conditions or declare the rights and obligations of the parties herein shall be brought exclusively in the United States District Court, Northern District of Ohio.

IN WITNESS WHEREOF, the parties have executed this Agreement effective on this 27th day of July, 2021.

WITNESSES:

_LISA ZOVKIC_____

_____
                                                    _____
                                                    Zdenko Zovkic

WITNESSES:

                                                    SMS Financial NCU, LLC
                                                    By:  SMS Financial, LLC, Its Manager

_____
                                                    By: _____
                                                         Jonathan D. Hoffer, Its Manager

_____

{01611492-1}5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SMS FINANCIAL 30, LLC<br>6829 North 12th Street<br>Phoenix, Arizona 85014<br><br>           Plaintiff,<br>vs.<br><br>ZDENKO ZOVKIC<br>4240 Giles Road<br>Chagrin Falls, Ohio 44022-1391<br><br>           Defendant. | CASE NUMBER: 1:13-CV-001146<br><br>JUDGE DAN AARON POLSTER<br><br>STIPULATED JUDGMENT |

Upon agreement and consent of the parties, Plaintiff SMS Financial 30, LLC is awarded judgment against Defendant Zdenko Zovkic, in the total amount of $1,164,673.14, which is comprised of principal of $1,154,316.36, plus interest accruing at the rate of 1% per annum in the amount of $10,356.78 (the "Total Balance"), as of July 27, 2021. Interest, late fees and other fees and costs shall accrue in accordance with the Forbearance Agreement entered into by Plaintiff and Defendant.

IT IS SO ORDERED.

_____
Judge Dan Aaron Polster

Agreed to by and between the Parties:

SMS Financial 30, LLC                       Zdenko Zovkic

/S/ David M. Cuppage
David M. Cuppage (0047104)            Roger M. Synenberg
Adam L. Glassman (0098730)            Synenberg & Associates, LLC
McCarthy Lebit Crystal & Liffman Co, LPA   55 Public Square, Suite 1331
101 W. Prospect Ave., Suite 1800         Cleveland, Ohio 44113
Cleveland, OH 44115                      rsynenberg@aol.com
(216) 696-1422 – Telephone             Counsel for Defendant

{01611492-1}6